UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x

UNITED STATES OF AMERICA
-v-

Marvin Rubenstein,
       Defendant.
-------------------------------------------------x

\*\*\* SECOND AMENDED \*\*\*
JUDGMENT INCLUDING SENTENCE
UNDER THE SENTENCING REFORM ACT

CASE NUMBER: CR-02-415-01(FB)
JEREMY GUTMAN, ESQ.
251 EAST 61 STREET
NEW YORK, NY 10021
Defendant's Attorney & Address

THE DEFENDANT: Marvin Rubenstein
__XX__ was found guilty on counts ONE AND TWO OF THE INDICTMENT after a plea of not guilty.

Accordingly, the defendant is ADJUDGED guilty of such count(s), which involve the following offenses:

| TITLE & SECTION | NATURE & OFFENSE | COUNT NUMBER(S) |
|---|---|---|
| T. 18 USC 371 | CONSPIRED TO VIOLATE THE CLEAN AIR ACT | 1 |
| T. 42 USC 7412(a) | VIOLATION OF THE CLEAN AIR ACT | 2 |

The sentence is imposed pursuant to the Sentencing Reform Act of 1984.
__XX__ It is ordered that the defendant shall pay to the United States a special assessment of $ 200.00 which shall be due immediately :

It is further ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec #____

SEPTEMBER 29, 2005
Date of Imposition of Sentence

Defendant's Mailing Address:
47 HIGHVIEW ROAD

THE HONORABLE FREDERIC BLOCK

October 18, 2005
Date

MONSEY, NY 10952

A TRUE COPY ATTEST
Date: 10/19/05
ROBERT C. HEINEMANN
CLERK OF COURT

By: _____
MIKE J. INNELLI
DEPUTY CLERK

**Defendant:** Marvin Rubenstein
**Case Number:** CR-02-415-01(FB)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of <u>TIME SERVED.</u>

_ The Court makes the following recommendations to the Bureau of Prisons:


_ The defendant is remanded to the custody of the United States Marshal.
_ The defendant shall surrender to the United States Marshal for this district,
        _ at ___ a.m./p.m. on _____.
        _ as notified by the Marshal.

_ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons

        ____ before 2:00 p.m. on _____.
        ____ as notified by the United States Marshal.
        _ as notified by the Probation Office.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____

The defendant was delivered on _____ to _____ at
_____, with a certified copy of this Judgment.

                                                **United States Marshal**

                                                By_____

**Defendant:** Marvin Rubenstein
**Case Number:** CR-02-415-01(FB)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of THREE (3) YEARS ON EACH COUNT ONE AND TWO, WHICH SHALL RUN CONCURRENTLY TO EACH OTHER FOR A TOTAL OF THREE (3) YEARS, WITH THE FOLLOWING SPECIAL CONDITIONS:

(1) THE DEFENDANT SHALL SERVE ONE (1) YEAR IN HOME CONFINEMENT AS DIRECTED BY THE PROBATION DEPARTMENT, AND PAY THE COSTS OF SUCH CONFINEMENT.

(2) THE DEFENDANT SHALL MAKE FULL FINANCIAL DISCLOSURES TO THE PROBATION DEPARTMENT;

(3) THE DEFENDANT SHALL COMPLY WITH THE FINE ORDERED IN THIS JUDGMENT; AND

(4) THE DEFENDANT SHALL MAKE RESTITUTION IN THE SUM OF $10,000.00, PER EACH KNOWN VICTIM FOR A TOTAL OF $30,000.00, THAT SHALL BE PAID FORTHWITH. AS INFORMATION IS LEARNED ABOUT THE OTHER FOUR (4) VICTIMS AND THEY ARE IDENTIFIED, THE DEFENDANT SHALL PAY $10,000.00 PER EACH VICTIM. THE DEFENDANT SHALL BE JOINTLY AND SEVERALLY LIABLE WITH HIS CO-DEFENDANT, ISAAC RUBENSTEIN. RESTITUTION PAYMENTS SHALL BE PAID TO THE CLERK OF THE COURT. THE CLERK SHALL MAINTAIN AN INTEREST BEARING ACCOUNT FOR THE VICTIMS FOR THE PAYMENT OF MEDICAL MONITORING AND, IF NEEDED, MEDICAL TREATMENT, RELATED TO THEIR EXPOSURE TO ASBESTOS CAUSED BY THE DEFENDANTS. THE VICTIMS SHALL SUBMIT THEIR MEDICAL BILLS TO THE PROBATION DEPARTMENT, WHICH WILL THEN SUBMIT THEM TO THE CLERK OF THE COURT FOR PAYMENT FROM THIS FUND.

THE KNOWN VICTIMS AT THIS TIME ARE:

JUAN JIMENEZ

JOSE JIMENEZ

CARLOS PEREZ

AS AGREED AT THE SENTENCE THE U.S. ATTORNEY'S OFFICE WILL KEEP THE COURT APPRIZED OF THE VICTIM'S MEDICAL MONITORING AND TREATMENT BY PERIODIC REPORTS.

While on supervised release, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

**Defendant:**
**Case Number:**

# FINE

The defendant shall pay a fine to the United States in the sum of $ <u>75,000.00.</u> This fine shall be paid in full in six (6) months after the release of the defendant from incarceration. The interest requirement is waived.

**Defendant:** Marvin Rubenstein
**Case Number:** CR-02-415-01(FB)

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not commit another Federal, state or local crime;
2) the defendant shall not leave the judicial district without the permission of the court or probation officer;
3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5) the defendant shall support his or her dependents and meet other family responsibilities;
6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;
8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

These conditions are in addition to any other conditions imposed by this Judgment.